**SO ORDERED.**

**SIGNED this 24 day of August, 2016.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 15-04676-5-DMW |
| JASON COREY BORNMAN | CHAPTER 7 |
| DEBTOR | |

| | |
|---|---|
| JASON COREY BORNMAN | |
| PLAINTIFF | |
| vs. | ADVERSARY PROCEEDING NO. 16-00023-5-DMW |
| THOMPSON PUMP AND MANUFACTURING COMPANY, INC. | |
| DEFENDANT | |

**ORDER DENYING MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL**

This matter comes before the court upon the Motion to File Settlement Agreement Under Seal ("Motion to Seal") filed by Jason Corey Bornman ("Plaintiff") on August 9, 2016. The court conducted a telephonic hearing ("Hearing") on August 22, 2016. William H. Kroll, Esq. appeared

for the Debtor, and Christopher J. Derrenbacher, Esq. appeared for Thompson Pump and Manufacturing Company, Inc. ("Defendant'). Based upon the pleadings and arguments of counsel, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

2. The Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on August 31, 2015, Case Number 15-04676-5-DMW ("Base Case").

3. On February 19, 2016, the Defendant filed a proof of claim ("Proof of Claim") in the Base Case for the amount of $21,503.08. The Proof of Claim included as an attachment a copy of a Credit & Account Application which disclosed, without redaction, the Plaintiff's social security number and his company's federal taxpayer identification number. On February 24, 2016, upon an *ex parte* motion of the Plaintiff, the court entered an Order Restricting Public Access to Proof of Claim ("Restriction Order") which restricted the Proof of Claim from public access and directed the Defendant to file a redacted proof of claim by March 25, 2016. The Defendant filed an amended and redacted proof of claim on April 18, 2016.[1]

4. On March 17, 2016, the Plaintiff initiated this adversary proceeding ("AP") by filing a Complaint against the Defendant. In the Complaint, the Plaintiff alleges that the Defendant's filing of the Proof of Claim was negligent and violated the North Carolina Identity Theft Protection Act, the North Carolina Identity Protection Act, and the North Carolina Unfair

---

[1] The Defendant filed the amended and redacted proof of claim only after being ordered by the court to appear and show cause for its failure to comply timely with the Restriction Order.

2

and Deceptive Trade Practices Act, thereby entitling the Plaintiff to recovery of damages from the Defendant.

5.    Also on March 17, 2016, the Plaintiff filed in the Base Case a Motion for Contempt and Sanctions against Creditor Thompson Pump and Manufacturing Company, Inc. ("Sanctions Motion"). The Sanctions Motion requests the court to find the Defendant in contempt and impose sanctions against it for failure to comply with Rule 9037 of the Federal Rules of Bankruptcy Procedure.[2]

6.    In the Motion to Seal, the Plaintiff states that he and the Defendant have reached a confidential resolution of the AP and the Sanctions Motion. The parties plan to file a motion for approval of their settlement; however, they desire that the Settlement Agreement setting forth the terms of their agreement be filed under seal. At the Hearing, the parties explained that due to the nature of the Plaintiff's claims against the Defendant, the parties do not want the terms of the Settlement Agreement to be publicly construed as a binding value for similar claims. In addition, the Defendant asserts that the public interest in a settlement of a post-petition claim of the debtor is not as imperative as in a settlement affecting the bankruptcy estate.

7.    The United States Bankruptcy Code specifically provides for public access to papers filed in a bankruptcy case. 11 U.S.C. § 107(a). Bankruptcy courts are empowered to seal documents from the public only under limited circumstances to "protect an entity with respect to a trade secret or confidential research, development, or commercial information; or protect a

---

[2] Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
  (1) the last four digits of the social-security number and taxpayer-identification number;
  (2) the year of the individual's birth;
  (3) the minor's initials; and
  (4) the last four digits of the financial-account number.
Fed. R. Bankr. P. 9037(a).

3

person with respect to scandalous or defamatory matter . . . ." 11 U.S.C. § 107(b). The parties do not assert that either of these narrow exceptions is applicable with respect to their Settlement Agreement.

8. The court recognizes that the Settlement Agreement may not affect the administration of the Plaintiff's bankruptcy estate; however, the Base Case remains open, and the Plaintiff chose to seek relief within this jurisdiction. Settlement agreements are not entitled to greater protection than other requests for relief from bankruptcy courts. *In re Oldco M Corp.*, 466 B.R. 234, 238 (Bankr. S.D.N.Y. 2012). In *Oldco M Corp.*, the court rejected the argument that public disclosure would undercut the settling defendant's leverage in negotiating with other claimants. *Id.* (citing *Andersen Worldwide, S.C.*, 2007 WL 273526, at *4 (S.D.N.Y. Jan. 30, 2007)). The court agrees with this position and finds that there is no public interest in sealing the pending Settlement Agreement between the Plaintiff and the Defendant; now therefore,

IT IS ORDERED, ADJUDGED, AND DECREED that the Motion to Seal be, and hereby is, denied.

**END OF DOCUMENT**